ISAAC ALEXANDER v. SAMUEL PRINGLE.

A bond conditional, that if an injunction shall be dissolved, the obligor will pay the amount of a certain judgment therein specified, is assignable within the meaning of the statute. Hutch. Co. 640, § 9. *Shields* v. *Taylor*, 25 Miss. R. 13, cited and confirmed.

The pleas to the action ought not to have been struck out, but should have been demurred to, or issue taken on them.

IN error from the circuit court of Rankin county; Hon. W. P. Harris, judge.

This was a suit brought upon an injunction bond by Samuel Pringle, as assignee of Henry F. Shelton, usee of William H. Shelton, against Vincent T. Alexander, Isaac Alexander, and Matthew Alexander, to enforce the collection of a judgment at law on a forthcoming bond executed by Andrew M. Newman, Vincent T. Alexander, and the plaintiff, Samuel Pringle, to said William H. Shelton, usee of said Henry F. Shelton.

The injunction bond sued on was assigned by Henry F. Shelton to said plaintiff, Samuel Pringle, without reserve.

At the May term, 1850, there were four pleas filed to the action; all of which were stricken out by the court, with leave to plead over within thirty days.

The first plea was, in substance, a plea of accord and satisfaction.

The second plea was, in substance, a plea of payment.

The third plea was, in substance, a plea of *non est factum*, and was sworn to.

The fourth plea was, in substance, that the said S. Pringle is the same identical S. Pringle mentioned in the condition of the said supposed writing obligatory in plaintiff's declaration mentioned as a codefendant of said V. T. Alexander in said supposed statutory judgment in the condition of said writing obligatory, &c.

After the above pleas were, on motion of the plaintiff, struck out by the court, the defendant, within the time given, filed twelve other pleas, some of which were demurred to, and upon some issue was taken.

Alexander *v.* Pringle.

There were several new trials had in the case, and judgment was finally rendered for the plaintiff, and Alexander prayed a writ of error to this court.

*Harper*, *Freeman*, and *Dixon* for appellant.

It was error to strike out the pleas, and the defects in them, if any could only be reached by demurrer.  *Smith* v. *Commercial Bank of Rodney.*  2 S. & M. 83.  On the other points, cited 9 Mass. 138; 17 Ib. 15; 6 S. & M. 440; 9 Ib. 521; 4 Ib. 549; Hutch. Co. 847; 23 Miss. 550; Ib. 548; 3 Brev. 10.

No counsel appeared for appellee.

Mr. Justice FISHER delivered the opinion of the court.

This was an action of debt in the circuit court of Rankin county, founded upon an injunction bond, executed by the plaintiff in error and others, payable to one Henry F. Shelton, who assigned the same by indorsement to the defendant in error.

The question for decision is, whether the assignee of such a bond can maintain an action thereon in his own name.

The bond is conditioned, that if the injunction shall be dissolved, the obligors will pay the amount of a certain judgment therein specified, within thirty days after such judgment of dissolution, from which it appears that the bond is an obligation to pay money on a certain condition.  Is such an obligation assignable within the letter and meaning of the statute?  Hutch. Co. § 9, p. 640.  This point has been decided in the affirmative by this court.  *Shields* v. *Taylor & Tarpley*, 25 Miss. R. 13.  For this alleged error we therefore refuse to reverse the judgment.

The judgment will, however, for another error, to wit, the action of the court below in striking out certain pleas, have to be reversed.  Without intimating any thing as to the legal sufficiency of these pleas, it is sufficient to say that they were appropriate to the action, and were not questioned by demurrer, but improperly treated as nullities by the court.

Judgment reversed, and cause remanded.